By the Court, Bronson, J.
Both of these officers have acted under attachments, which, though void as to the parties in whose favor they issued, were regular upon their face, and without any apparent defect of jurisdiction on the part of the justices who issued them. The plaintiff levied first, and the defendant took the property out of his possession. Can the plaintiff maintain trespass for that taking? The case of Earl v. Camp, (16 Wendell, 562,) answers the question against him. The rule which justifies the officer, when acting under such process as I have mentioned, is one of protection—not of assault. It is a shield, but not a sword. The officer, when sued, may defend under such process, but he cannot build up a title upon it, which will enable him to maintain actions against third persons.(a)
*120 The defendant, in this case, -stands simply in the -attitude of defence. He claims nothing but that protection which process, apparently regular, affords to the officer who serves it. The plaintiff goes beyond that, and seeks to build up a title upon the process in his hands. He has not been sued, nor is he in any peril of suffering damage. If Dart sues him, the process will be a sufficient defence.(b) If the plaintiffs in the process sue, because .the property has been lost, the officer may answer, that their process was void. (Earl v. Camp, supra.)(c) In short, the plaintiff is not acting on the defensive, but is suing for the benefit of persons who could not maintain actions in their own names.
The fact that the defendant was indemnified by the persons under whose process he acted, cannot alter the case. Taking an indemnity, does not deprive the officer of the protection which his process affords.
The case was put upon other grounds at the circuit; but as the one I have mentioned leads to the same result; there can be no use in granting a new trial. This is a case—not a bill of exceptions.
New trial denied.

 The same distinction was adverted to, in a general way, by Shaw, C. J. in Sturbridge v. Winslow, (21 Pick. 83, 87.)

 See the -cases cited -in Cowen & Hill's Notes to 1 Phill. Ev. pp. 990, 1005, et seq. and 1078: Also, Roberts v. Tennell, (4 Litt. R. 286, 288;) Sturbridge v. Winslow, (21 Pick. R. 83;) Isaacs v. Champlin, (1 Bail. R. 411;) and Countess of Rutland’s case, (6 Coke’s R. 53,54.)

 In addition to the cases referred to by Cowen, J. in Earl v. Camp, (16 Wendell, 567, 8,) see Aiken v. Moore, (1 Hill’s (So. Car.) R. 432:) also Countess of Rutland’s case, (6 Coke's R. 53, 54.) The officer, however, could not be allowed to answer that the process was irregular merely. (Harvey v. Huggins, 2 Bail. R. 252. Walden v. Davison, 15 Wendell, 575. The People v. Dunning, 1 id. 16.)